William J. Quinn, J.
The petitioner, Albert St. Armour, by order to show cause and petition, prays for judgment prohibiting the respondent Environmental Facilities Corp. and the respondent Board of Supervisors of Montgomery County, from contracting together to haul and dispose of sludge originating at an Environmental Facilities Corp. operated facility in Amsterdam, New York.
The petitioner argues that the Board of Supervisors of Montgomery County have exceeded their statutory authority by entering into a contract to haul and dispose of sludge for *784 the Environmental Facilities Corp., and that the said board is proceeding without, or in excess of its, jurisdiction.
The petitioner is the operator and owner of St. Armour Refuse, a refuse collecting business, and was employed by or under contract to the Environmental Facilities Corp. for the purpose of hauling and disposing of sludge from the above-mentioned sewage plant operated by the Environmental Facilities Corp. Petitioner alleges that on or about the first day of February, 1975, his services were terminated on notice, and said services were taken over by the Public Works Department of the County of Montgomery, pursuant to a contract between the County of Montgomery and the Environmental Facilities Corp.
The City of Amsterdam, Montgomery County, N. Y., through various Federal and State aid programs, had planned and developed a sewage disposal and treatment facility. This facility is operated by the New York State Environmental Facilities Corporation pursuant to section 1285 of the Public Authorities Law of the State of New York, wherein it is stated, in part: "The corporation may sell, transfer or dispose of, in any manner it deems desirable any materials, substances or sources or forms of energy derived from any corporate activity, including but not limited to sludge”.
Section 226-b of the County Law of the State of New York grants express authority to the Board of Supervisors of the County of Montgomery for the collection and disposition of solid waste, stating, in part: "1. The legislative body of any county may appropriate and expend such sums as it may deem proper to provide for the collection and disposition of solid wastes in such county and for that purpose may acquire, construct, operate and maintain solid waste disposal sites or plants, acquire the necessary lands therefor, and purchase, operate and maintain all necessary appliances appurtenant thereto, including such vehicles as may be required for such purposes.”
Further, power has been granted to the Board of Supervisors of Montgomery County to set rates or fees to be charged for the collection and disposal of solid waste. Subdivision 2 of section 226-b of the County Law states: "The legislative body of any county may, by resolution, establish schedules of rates or fees to be charged for any solid waste collection and disposal facilities or services provided pursuant to this section”.
*785 Section 120-w of the General Municipal Law of the State of New York, is entitled “Contracts for the disposition of refuse and garbage” and states, in part: "The governing board or body of any municipality or refuse and garbage district which owns and operates an incinerator, processing or similar plant for the disposition of refuse and garbage may enter into a contract with any other municipality, district or other public corporation for the collection and disposal, or for the disposal only, by incineration or otherwise, of refuse and garbage from outside the municipality or district boundaries, upon such terms and conditions as may be agreed upon, but for a period not to exceed ten years.”
Subdivision 2 of section 120-w of the General Municipal Law further states, in part, as follows: “The governing board or body of any municipality may enter into a contract with any other municipality, public corporation or authority, or a private corporation, partnership or individual, upon such terms and conditions as may be agreed upon, for a solid waste management facility for a period not to exceed twenty years, and for collection of municipal solid wastes for a period not to exceed five years.”
Section 120-w (subd 1, par [a]) of the General Municipal Law, by way of definition, further states in part that: “ 'Municipality’ means a town, city, county or village or any designated public agency thereof, or any two or more of the foregoing which are acting jointly in connection with a solid waste management facility, or a public authority.” and further states, in subdivision 3 thereof: “The share of the cost to be paid by municipalities acting jointly shall be determined in any manner which may be agreed upon, and such share shall be included in the annual budget of the participating municipality as an expense and levied against the taxable real property in the municipality or municipalities.”
It is the opinion of this court that the foregoing statutes empower the Board of Supervisors of the County of Montgomery to contract with the. Environmental Facilities Corp. to haul and dispose of sludge within the confines of the County of Montgomery.
The questions raised by petitioner and respondents in their respective affidavits and briefs, with regard to the standing of the petitioner, become academic in the light of the above.
This court therefore finds for the respondents, and dismisses the petition herein, without costs.